UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BILLY SANTIAGO, :
        Petitioner :
  vs. :
                           : CIVIL NO. 1:CV-13-0683
DELBERT SAUERS, :
                           : (Judge Caldwell)
        Respondent :

*M E M O R A N D U M*

I.    *Introduction*

        Petitioner, Billy Santiago, an inmate at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Santiago has submitted a request to proceed *in forma pauperis*. Named as respondent is Delbert Sauers, Allenwood's warden.

        The petition challenges a 1993 conviction in the United States District Court for the Eastern District of New York, after a plea of guilty, to conspiring to obstruct commerce by robbery, attempting to obstruct commerce by robbery, and using a firearm during the commission of a crime of violence. Petitioner was sentenced to a total of 408 months (thirty-four years) of incarceration.

        The petition focuses on the sentence imposed for the firearm violation, a sentence of thirty years for using a machine gun, to run consecutively to the four-year term for the two robbery offenses. It makes the following claims: (1) the thirty-year sentence on the firearm offense was illegal because Petitioner was never charged with possession of a

machine gun; (2) the court, government and defense counsel erred in allowing the court to decide that the firearm was a machine gun when that issue should have been decided by a jury; (3) the thirty-year sentence was cruel and unusual under the Eighth Amendment because it was grossly disproportionate to the offense and imposed by a court that lacked the constitutional authority to do so; and (4) the thirty-year sentence violates his Fourteenth Amendment right to equal protection because "in past appeals, the defendant has been wrongly denied, when cases similar to the defendant's are being found not guilty, remanded, sentenced and resentenced for 18 U.S.C. 924(c)(1)(1992) because it is an unconstitutional and ambiguous statute." *See* Doc. 1, 2241 petition, ECF pp. 9-12. Santiago asserts that these claims "were not previously presented for the fact that the defendant lacks the knowledge of the law and was ignorant of his case." *Id.*, ECF p. 7.

Upon review of his filings, we conclude Santiago has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His § 2241 petition will therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.).[1]

II.   *Background*

The Second Circuit's opinion dealing with Petitioner's appeal from the denial of a postconviction motion provides some background:

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions. Rule 4 of the section 2254 rules permits summary dismissals.

-2-

> On April 13, 1992, Santiago discharged a firearm during the attempted robbery of an armored care on a crowded street in Brooklyn, New York. When one of the security guards protecting the car shot back at Santiago and his co-conspirators, Santiago was hit, collapsed to the ground, and was quickly taken into custody by the police. Two innocent bystanders were wounded in the crossfire.
>
> Santiago pleaded guilty in January 1993 to conspiring to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951; attempting to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951; and using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). At that time, § 924(c)(1) provided that:
>
> > Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to imprisonment for five years, . . . and if the firearm is a machine gun, . . . to imprisonment for thirty years.
>
> 18 U.S.C. § 924(c)(1)(1994). With respect to Santiago's plea on the § 924(c)(1) charge, the parties agreed under the terms of the plea agreement that the sentencing judge would determine whether Santiago's weapon was a machine gun and, accordingly, whether his sentence for that crime would be for five or 30 years.
>
> After a hearing on September 30, 1993, at which both parties presented witnesses, Judge Weinstein-presumably operating under a preponderance-of-the-evidence standard, [citation omitted] determined that "[t]he evidence is overwhelming that at the time that this defendant was using the weapon, it was fully automatic and it was being used in that way." Santiago was thus faced with a 30-year sentence for his firearms offense and 97 to 121 months in prison on the two robbery counts. The Court downwardly departed on the two robbery counts and sentenced Santiago to a four-year prison term for those crimes, sentencing petitioner to a total of 408 months (34 years) in prison.

*Santiago v. United States*, 64 F. App'x 281, 283 (2nd Cir. 2003)(nonprecedential)(internal

citation omitted)

Petitioner took a direct appeal of his conviction, which was affirmed by the Second Circuit on March 30, 1994, after "rejecting as frivolous his claim that the evidence was insufficient to show that his weapon was a machine gun" and denying his Eighth Amendment claim as well. *Id.* The court held that Santiago's claim that "he did not know that the weapon was a machine gun" was not properly before the Court because it was not raised in the district court. *Id.*

Santiago filed a motion pursuant to 28 U.S.C. § 2255. In that motion, he argued: (1) the firearm he used was not a machine gun; (2) he did not use and carry the same weapon; (3) he did not know the firearm was a machine gun; and (4) ineffective assistance of counsel. *See* Doc. 1, 2241 petition, ECF p. 3; *see also Santiago*, 64 F. App'x at 283. On September 5, 2000, the sentencing court "rejected each of petitioner's claims on the merits, and issued a certificate of appealability 'on the questions of whether the petitioner knew the gun was a machine gun, and the competence of counsel.'" *Santiago*, 64 F. App'x 283-84. No appeal of the order denying the 2255 motion was filed. *Id.*

On February 6, 2001, Petitioner filed a motion under Fed. R. Civ. P. 60(b), seeking reconsideration of the district court's September 5, 2000, order. The Rule 60(b) motion argued that the sentence on the firearm count was improper on the bases of *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because there was no jury determination beyond a reasonable doubt that the firearm involved in the

-4-

offense was a machine gun. *See Santiago*, 64 F. App'x at 284.[2]

In March 2002, the district court granted the motion for reconsideration, reopened the § 2255 motion, but denied it. The court granted Santiago a certificate of appealability on the issue of whether he knew the gun was a machine gun and on competency of counsel, but did not grant a certificate of appealability on the *Apprendi/Castillo* issue. *Id.* Santiago then filed an appeal to the Second Circuit on the two claims certified by the District Court. He also sought a certificate of appealability on the *Apprendi/Castillo* claim. *Id.*

The appellate court dismissed Santiago's first two claims for lack of jurisdiction because his Rule 60(b) motion, which did not include a challenge to either of these claims, was untimely filed. *Id.* at 285. The court granted Santiago a certificate of appealability on the *Apprendi/Castillo* claim but ultimately rejected that claim for lack of jurisdiction because it was raised by the Rule 60(b) motion, which should have been treated by the district court as a second or successive 2255 motion over which it had no jurisdiction in the absence of permission of the Second Circuit to file it. *Id.* at 285-86.

Finally, the Court of appeals denied Santiago's request to file a successive habeas petition based on his *Apprendi/Castillo* claim, noting that the rule announced in *Apprendi* has not been made retroactive to cases on collateral review by the Supreme

---

[2] In *Castillo*, the Supreme Court resolved the issue of whether the enhancement provisions of 18 U.S.C. § 924(c) (1998 ed.) were elements of the crime or merely sentencing factors. The Supreme Court held that the enhancement provisions were elements of the crime which must be proven to a jury. *Castillo*, 530 at 131, 120 S.Ct. at 2096. In *Apprendi*, the Supreme Court held that "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. 476, 120 S.Ct. at 2355.

Court. *Id.* at 287.

III. *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

A defendant may invoke section 2241, but only when he shows under section 2255's "safety valve" provision, 28 U.S.C. § 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[3] Rather, the

---

[3] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(continued...)

-6-

"safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (per curiam) (nonprecedential).

Petitioner cannot use the safety valve. He does not claim that his conviction is for conduct later deemed to be non-criminal by an intervening change in law. He does not claim that the use of a machine gun during a crime of violence is no longer criminal; instead he claims that the determination that he used a machine gun should have been made by a jury, not the court, and under the reasonable-doubt standard. Section 2255 is not inadequate or ineffective in these circumstances, and hence we cannot consider his claims in a section 2241 petition. *See Dorsainvil*, 119 F.3d at 250; *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002)("Unlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his

---

(...continued)
     (2) a new rule of constitutional law, made retroactive to
    cases on collateral review by the Supreme Court, that was
    previously unavailable.

*Apprendi* argument"). Additionally, the fact that the Second Circuit denied Santiago permission to file a second or successive § 2255 motion does not demonstrate § 2255 is inadequate or ineffective. *See Okereke,* 307 F.3d at 120-21.

    We will issue an appropriate order.

                          /s/ William W. Caldwell
                          William W. Caldwell
                          United States District Judge

Date: June 12, 2013